[Cite as *MacConnell v. London Corr. Inst.*, 2011-Ohio-4845.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RION T. MACCONNELL

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2008-10528

Judge Clark B. Weaver Sr.

DECISION

{¶1} Plaintiff brought this action alleging unauthorized disclosure of his medical information. After a trial on the issue of liability, the court rendered judgment in favor of plaintiff. The case then proceeded to trial on the issue of damages.

{¶2} From 2006 to 2008, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. In February 2008, plaintiff exhausted a supply of medication prescribed to him for treatment of a pancreatic ailment. As a result, plaintiff asked his father, Robert MacConnell, to contact defendant and determine whether MacConnell could purchase the medication at a private pharmacy and deliver it to plaintiff during visitation hours. On February 22, 2008, MacConnell spoke with defendant's Health Care Administrator, Karen Smith, via telephone. The court found in its liability decision that Smith informed MacConnell during their conversation that plaintiff had an unspecified form of hepatitis.

{¶3}   Both plaintiff and MacConnell testified that the disclosure placed a significant strain on what had been a close relationship between plaintiff and his parents.  MacConnell stated that he was "shaken" by the disclosure inasmuch as he felt that plaintiff had concealed his hepatitis diagnosis from him, and that when he confronted plaintiff with the information, plaintiff became very upset.  Plaintiff stated that he does not believe that he has hepatitis.

{¶4}   Plaintiff testified that from the time he entered defendant's custody until the time of the disclosure, his parents visited him every week, wrote him a letter nearly every day, and occasionally spoke to him via telephone.  However, according to plaintiff, his parents essentially ceased all communication with him for about a month after the disclosure.  Similarly, MacConnell testified that he refused to answer telephone calls from plaintiff for a month after the disclosure, and greatly reduced the frequency with which he wrote to and visited plaintiff.

{¶5}   MacConnell testified that although he and his wife had planned on allowing plaintiff to live with them upon his release from prison, they reconsidered and told him that he could not live there because they did not want to expose themselves or plaintiff's sister, who also lives in the home, to hepatitis.  Plaintiff, who was then 32 years old, explained that he had lived on his own before his incarceration but lacked the resources to do so afterward, and had hoped to live with his parents while he saved money and attended college.  Plaintiff stated that as his November 2008 release date approached, he suffered anxiety and worried that he would not have a place to live.

{¶6}   Ultimately, an uncle picked plaintiff up at the prison on his release date and permitted plaintiff to live with him for a few days.  MacConnell testified that he eventually relented and allowed plaintiff to move into the family home, so long as plaintiff agreed to abide by certain conditions which MacConnell believed would minimize the chance of another family member contracting hepatitis.  According to plaintiff, who continued to reside in the home at the time of the damages trial, these

conditions include a requirement that he use a bathroom that no one else uses, and which MacConnell regularly cleans with bleach; he is not allowed to prepare food for other family members, which was an activity that he formerly enjoyed; and, he is required to eat from red plastic plates with "sporks," whereas other family members eat from Pfaltzgraff plates with silverware.

**{¶7}** Plaintiff related that until his recent graduation from Wright State University, he lacked the resources to live anywhere other than his parents' home, but that he plans to move into a home of his own soon. Regardless of where he lives, however, plaintiff testified that the close relationship he once enjoyed with his parents is simply "not the same."

**{¶8}** Plaintiff stated that he feels "like a leper," and that he has been stigmatized, embarrassed, and humiliated by both the disclosure of his medical information and the effect that it has had upon his relationship with his family. According to plaintiff, he has attended therapy sessions with a family counselor, Dr. Skipper, in order to cope with these issues.

**{¶9}** Based on the totality of the evidence, the court is persuaded that the unauthorized disclosure of plaintiff's confidential medical information damaged plaintiff's relationship with his parents and caused him to suffer humiliation, embarrassment, anxiety, and other emotional trauma. The court finds that the disclosure resulted in a diminution of the affection and emotional support that plaintiff received from his parents while he was in prison, and, after his release from prison, a diminishment of the close relationship he previously had with his parents.

**{¶10}** In light of the foregoing, the court finds that plaintiff is entitled to recover total damages in the amount of $20,000. Accordingly, judgment shall be rendered in that amount.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RION T. MACCONNELL

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant
Case No. 2008-10528

Judge Clark B. Weaver Sr.

JUDGMENT ENTRY

    **{¶11}** This case was tried to the court on the issue of plaintiff's damages. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $20,000. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair                        Richard F. Swope
Assistant Attorney General               6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor          Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

RCV/dms
Filed August 12, 2011
To S.C. reporter September 22, 2011